UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH JAMES KENDRICK,

    Plaintiff,

v.                                                      Case No. 5:25-cv-279-TKW-MJF

WARDEN MICHAEL PABIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In this civil action, Plaintiff is seeking money damages against the Warden of the Gulf Correctional Institution and Securus JPay, LLC, because prison officials confiscated and retained Plaintiff's electronic tablet. The undersigned recommends that the District Court dismiss this case under 28 U.S.C. § 1915(g).

### PLAINTIFF'S COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") housed at the Gulf Correctional Institution. Doc. 1. Plaintiff initiated this civil action on September 10, 2025, by filing a document titled "Notice of Removal." Doc. 1; *see also* Doc. 1-1 (mailing envelope). Plaintiff's filing was not accompanied by the filing fee or a motion for

leave to proceed *in forma pauperis*. On October 1, 2025, the Middle District construed Plaintiff's filing as a complaint under 42 U.S.C. § 1983, and transferred the civil action to the Northern District of Florida. Doc. 2.[1]

On October 2, 2025, the undersigned ordered Plaintiff to file an amended civil-rights complaint on the Northern District's form and to pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis*. Doc. 5. The undersigned imposed a compliance deadline of November 3, 2025, and warned Plaintiff that failure to comply with the order likely would result in this civil action being dismissed. Plaintiff has not complied with the October 2 order.

## DISCUSSION

A party who files a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914, or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915;

---

[1] The Middle District properly construed Plaintiff's filing as a complaint under 42 U.S.C. § 1983. *See* Doc. 2. Although Plaintiff titled his filing a "Notice of Removal," the state-court case Plaintiff referenced was a mandamus action *Plaintiff* filed that had been *dismissed months earlier* on June 5, 2025. *See* Doc. 1 (referencing *Kendrick v. Edwards, et al.*, No. 1D2025-0742 (Fla. 1st DCA 2025)); *see also* Attach. 1 (Case Docket, No. 1D2025-0742); Fed. R. Evid. 201 (authorizing judicial notice).

N.D. Fla. Loc. R. 5.3. Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner files his case, and failure to do so warrants dismissal of the case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.   <u>**Plaintiff Has Accrued At Least Three "Strikes"**</u>

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that Plaintiff filed the following civil actions while incarcerated

that were dismissed for failure to state a claim on which relief can be granted:

- *Kendrick v. Crosby*, No. 6:03-cv-1259 (M.D. Fla. Apr. 21, 2004) (civil-rights action dismissed for failure to state a claim); and

- *Kendrick v. Florida*, No. 8:11-cv-2402 (M.D. Fla. Oct. 26, 2011) (civil-rights action dismissed for failure to state a claim).

In addition, Plaintiff filed the following appeal while incarcerated that was dismissed as frivolous:

- *Kendrick v. Calderon*, No. 04-12664-A (11th Cir. Oct. 22, 2004) (dismissing appeal as frivolous) (copy at No. 6:03-cv-1259, Doc. 27).

These cases qualify as "strikes" under § 1915(g). These cases are attributable to Plaintiff insofar as they bear his name and inmate number (DC#103035).

Because Plaintiff has accrued three strikes, he may not litigate this case *in forma pauperis* and was required to pay the filing fee at case initiation, unless his allegations demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.   Plaintiff Fails to Satisfy the Imminent-Danger Exception**

In determining whether a prisoner has proved imminent danger of serious physical injury, the court "looks to the complaint, construing it

liberally and accepting its allegations as true." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). The confiscation of Plaintiff's electronic tablet has not placed Plaintiff under imminent danger of serious physical injury. Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236. Plaintiff cannot avoid dismissal under § 1915(g)'s three-strikes provision by mis-titling his complaint as a notice of removal of a closed state-court case.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice under 28 U.S.C. § 1915(g).

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 17th day of November, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.